

**SIGNED this 24th day of May, 2023**

*Nicholas W Whittenburg*
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **John Douglas Hoverson** | ) | No. 1:23-bk-10674-NWW |
| **Laurie Ellen Hoverson** | ) | Chapter 7 |
| | ) | |
| **Debtors** | ) | |

# M E M O R A N D U M

This memorandum supplements the court's findings and conclusions made on May 11, 2023, denying a creditor's motion to dismiss the case because it was initially filed in an improper venue.

Because of the proximity of Chattanooga, Tennessee, to the borders of Georgia and Alabama, residents in those states often file bankruptcy petitions in this district rather than in the Northern District of Georgia or Northern District of Alabama. Absent a timely objection raising improper venue, the cases are allowed to proceed. Because the court has not located controlling precedent for the precise issue in this case, and for the

benefit of attorneys practicing in this district as well as the Northern Districts of Georgia and Alabama, the court issues the following supplemental memorandum.

I.     **History of This Case**

The debtors commenced this case on August 30, 2022, by filing a bankruptcy petition in the Eastern District of Tennessee. On the petition, the debtors disclosed that they reside in Rossville, Georgia, which is in the Northern District of Georgia, but they elected to file in Tennessee for the "[b]est interest of the parties." Doc. no. 1 at 2 (petition). That decision is common in this district. Debtors from northern Georgia often file petitions with the bankruptcy court in Chattanooga, Tennessee, because it is closer than the bankruptcy court in Rome, Georgia. While the Eastern District of Tennessee is an improper venue, that defect is frequently not an issue because no party objects to venue, and when no party objects to venue, any venue defect is deemed waived. 28 U.S.C. § 1406(b); *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939).

On occasion, however, a party objects to this court maintaining jurisdiction over an improperly venued case, which is what happened here. On October 4, 2022, creditors Carl Peugh and Traci Peugh asserted that venue was improper in the Eastern District of Tennessee and moved for the court to dismiss this case. Doc. no. 20. After hearing arguments from parties in interest, the court agreed with the creditors that venue was improper under 28 U.S.C. § 1408, but instead of dismissing the case, the court elected to transfer it to the proper venue—the Northern District of Georgia—pursuant to Federal Rule of Bankruptcy Procedure 1014(a)(2), which implements 28 U.S.C. § 1406(a). Doc. no. 35.

Once this case was located in the proper venue, the debtors moved for the case to be transferred back to Tennessee. Doc. no. 47. Over opposition by Carl Peugh, the Bankruptcy Court for the Northern District of Georgia agreed with the debtors and ordered that the case transferred to this district pursuant to 28 U.S.C. § 1412. Doc. no. 50. The creditor asked that court to reconsider the transfer order, but the court was not swayed and denied reconsideration. Doc. no. 54.[1] Now, the Peughs once again ask this court to dismiss the case for being improperly venued. Doc. no. 60.

After considering the arguments made at a hearing held on May 11, 2023, the court delivered an oral opinion denying the creditors' motion to dismiss this case.

## II.    Analysis

Ever since first seeking dismissal in this court in October 2022, the Peughs have argued that the Sixth Circuit's *Thompson v. Greenwood* decision requires the transfer or dismissal of a case *filed* in an improper venue, necessarily preventing a court of proper venue from transferring a case back to the court were venue was initially improper. 507 F.3d 416 (6th Cir. 2007); *see* doc. nos. 20 at paragraph 3 (motion to dismiss case), 49 at 2 (response to debtor's motion to transfer venue), 52 at 2 (motion for reconsideration of order transferring case), and 60 at 1–2 (second motion to dismiss case). When they presented that argument in the Northern District of Georgia, Judge Bonapfel carefully outlined the interplay among 28 U.S.C. § 1406 (cure or waiver of venue defects),

---

[1] Available at *In re Hoverson*, No. 22-41457-PWB, 2023 WL 2393958 (Bankr. N.D. Ga. Mar. 7, 2023) or *In re Hoverson*, No. 22-41457-PWB, 2023 Bankr. LEXIS 577 (Bankr. N.D. Ga. Mar. 6, 2023).

§ 1408 (venue for bankruptcy cases), and § 1412 (change of venue) and determined that the correct procedures had been and were still being followed:

1. The bankruptcy court in Tennessee determined that this case was filed in an improper venue. 28 U.S.C. § 1408(1).

2. The bankruptcy court in Tennessee transferred this case to the proper venue to cure the venue defect. 28 U.S.C. § 1406(a); Federal Rule of Bankruptcy Procedure 1014(a)(2).

3. The bankruptcy court of proper venue in Georgia elected to transfer this case to another district. 28 U.S.C. § 1412.

The second transfer just so happened to be back to where this case began, a result that the Peughs maintain is foreclosed in this circuit by *Thompson*.

As rightly noted by Judge Bonapfel, *Thompson* does not address the ultimate issue that the Peughs have asked courts to resolve—whether an improperly venued bankruptcy case can be transferred to a proper venue and then be transferred back to what was initially an improper venue. That issue contains two steps:

1. Transfer from improper venue to proper venue.

2. Transfer from proper venue to another venue.

*Thompson* is instrumental when analyzing the first step, but it never reached the second step because that issue did not exist in that case. *Thompson* involved Mississippi bankruptcy cases being filed improperly in Tennessee and whether Tennessee bankruptcy courts could retain jurisdiction (despite opposition) or were required to transfer cases to a proper venue. 507 F.3d at 417. Because applicable statutes were

unambiguous, the Sixth Circuit held that cases filed in an improper venue in the first instance must be dismissed or transferred to a proper venue. *Id.* at 422.

Throughout *Thompson*, the Sixth Circuit analyzed the statutory effect on where cases were filed "in the first instance." *E.g.*, *id.* Nowhere, however, did it analyze what happens after a case is transferred.

Regardless, the creditors counter that the key word in the statutes and in *Thompson* is "filed." Doc. no. 60 at 1–2; *see* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); 507 F.3d at 422 (citation omitted) ("[A case] that is first filed in a proper venue can be transferred to a district where venue is improper.").

Likewise, Federal Rule of Bankruptcy Procedure 1014(a)(2) categorizes cases by filing location and instructs that

> If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

This court agrees that when a case is improperly venued initially, 28 U.S.C. § 1406(a), a provision entitled "[c]ure or waiver of defects," mandates dismissal or transfer of the case upon timely motion. That is what this court did in November 2022: It transferred the case to the proper venue. With the transfer of the case to the Northern District of Georgia, the venue defect was cured.

Once the case was in the proper venue, though, that court was free to transfer the case to any other district. *See* 28 U.S.C. § 1412. A court of proper venue is not limited by any consideration of where the case was initially filed. *See id.* In its entirety, Section 1412 states, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Nowhere in that statute is there a reference to where a case was filed.

The Sixth Circuit's references to where a case was filed in the first instance were used to determine which section of title 28 applied to which scenario (filings in proper or improper venues). *See Thompson*, 507 F.3d at 422. The Sixth Circuit concluded that analysis, however, with an acknowledgment that the statutory framework for bankruptcy venue steers cases to "the 'home' court" so that it can "make [the] determination [whether to transfer a case to another district]." *Id.* at 422 (quoting *In re Petrie*, 142 B.R. 404, 407 (Bankr. D. Nev. 1992)). In this case, the Northern District of Georgia was the "home court," and, consistent with the statutory framework, it made the determination to transfer the case to this district.

Contrary to the Peughs' ongoing position that *Thompson* always requires the dismissal or transfer of a case when it was initially filed in an improper venue, this court believes that the Sixth Circuit's reasoning in *Thompson* supports transfer of an improperly venued bankruptcy case to the "home court" to allow that court to decide whether to transfer the case back to what was initially an improper venue. That pattern follows *Thompson*'s instructions and the statutory scheme:

1. Determination that venue is improper under 28 U.S.C. § 1408.

2. Transfer to proper venue under 28 U.S.C. § 1406.

- 6 -

    3.    Transfer to *any* other district under 28 U.S.C. § 1412.

Accordingly, a case that is filed in an improper venue may have that defect cured by transfer to a proper venue, and then, the case can be transferred to any other district, including where it was filed initially. Venue of this case now properly lies in this court.

# # #